IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DESHANE GANARRO JEFFERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | 2:25-CV-29-Z-BR |
| v. | § | |
| | § | |
| COLLINGSWORTH COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS COMPLAINT**

Plaintiff Deshane Ganarro Jefferson ("Jefferson"), proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2241.[1] (ECF 3). For the reasons stated below, the U.S. Magistrate Judge recommends that Jefferson's Complaint be DISMISSED *sua sponte* without prejudice pursuant to the *Younger v. Harris* abstention doctrine.

## I. BACKGROUND

Jefferson claims he has been held without bail in the Childress County Jail since December 16, 2024. He further alleges that he has not been appointed counsel despite requesting representation on December 25, 2024, and on January 19, 2025. (ECF 3 at 2). Because of this, he asks to be released from custody. (*Id.*). Upon review, the Court finds that Jefferson's claims are barred by the *Younger* abstention doctrine and his petition should be dismissed.

---

[1] While Jefferson initially sought relief under 42 U.S.C. § 1983, the Court construes his Complaint as a petition for habeas corpus under 28 U.S.C. § 2241 because the relief he seeks – release from confinement - is not cognizable under Section 1983.

## II. LEGAL ANALYSIS

Challenges raised in a pretrial habeas corpus petition are governed by 28 U.S.C. § 2241. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). A Section 2241 habeas petition is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of Section 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases (providing for summary dismissal of habeas petitions).

Review of pretrial habeas petitions is limited, however, to avoid unwarranted interference with ongoing state-court criminal proceedings. *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) (applying the *Younger* abstention doctrine to pretrial habeas petition and noting "[t]here is no practical difference between granting federal habeas relief from a pending state criminal trial and enjoining the same trial"). Therefore, the Court must first examine the threshold question of whether it has subject matter jurisdiction.

The *Younger* abstention doctrine precludes federal courts from granting injunctive or habeas relief based on constitutional challenges to state criminal prosecutions that are pending at the time the federal action is instituted. *Younger v. Harris*, 401 U.S. 37, 41 (1971); *Kolski*, 544 F.2d at 766. For *Younger* to apply, three criteria must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citations omitted).

The *Younger* abstention requirements are met here. First, Jefferson asks the Court to intervene to resolve issues related to his ongoing state criminal case. This Court's grant of habeas

relief would necessarily interfere with the state court's ability to conduct its own proceedings, in contravention of *Younger*. *See Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 717 (5th Cir. 2012) ("Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'"). Second, the state obviously has a vital interest in prosecuting violations of its criminal laws. *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Third, Jefferson can litigate his claims in the state proceedings both before the trial court and upon direct appeal.

Finally, while there are exceptions to the *Younger* abstention doctrine, Jefferson has not suggested, much less shown, that any of the very narrow exceptions would apply here. *See Gates*, 885 F.3d at 881 (detailing exceptions and noting the petitioner bears the burden of proof (citing *Younger*, 401 U.S. at 45)). Jefferson's dissatisfaction with his bail status and the speed at which he is appointed counsel does not rise to extraordinary circumstances. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("Only if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference to be accorded to the state criminal process."); *Chavez v. Dallas Cnty. Sheriff's Off.*, No. 3:21-CV-891-B-BK, 2022 WL 2182189, at *3 (N.D. Tex. Apr. 21, 2022), *rec. adopted*, 2022 WL 2181067 (N.D. Tex. June 16, 2022) (dismissing pre-trial habeas petition based on the *Younger* abstention doctrine because the petitioner had shown no extraordinary circumstances).

Because Jefferson cannot show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising habeas jurisdiction over his claims that seek federal intervention in his pending state prosecution. *See Kolski*, 544 F.2d at 766 (affirming denial of federal habeas petition by state pretrial detainee relating to his pending criminal prosecution).

## RECOMMENDATION

The United States Magistrate Judge hereby recommends that the Complaint filed by Deshane Ganarro Jefferson (ECF 3) be DISMISSED without prejudice.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 10, 2025.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).